**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM D. BAILEY,** | ) | **CASE NO. 1:20 CV 2570** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **WARDEN, et al.,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner William D. Bailey, a pretrial detainee in the Cuyahoga County Jail filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He names the Cuyahoga County Jail Warden Michelle Henry and Cuyahoga County Sheriff David Shilling, Jr. as Respondents. He asserts four grounds for his Petition: (1) the sheriff is not providing him reasonable accommodations under the Americans With Disabilities Act ("ADA") in the jail; (2) he is being denied due process because detectives have not spoken with him to get his version of events and was denied a preliminary hearing in favor of a grand jury indictment; (3) the sheriff took him out of the "civil and constitutional rights playing field" to punish him for a prior crime; and (4) the Respondents imprisoned him, denied him a preliminary hearing in favor of a grand jury indictment, required him to post bail to be released before trial, and obtained a warrant that was not supported by probable cause. He seeks renewal of his cosmetology and barber license and monetary damages.

**I. STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

### III. ANALYSIS

Petitioner's grounds for relief fall into two categories: those that pertain to conditions of confinement and those that challenge his current criminal prosecution. Neither of these are cognizable in a federal habeas corpus petition under 28 U.S.C. § 2241.

Petitioner's first and third grounds for relief concern conditions under which Petitioner is being held in the Cuyahoga County Jail. He indicates the jail is not ADA compliant and that he is being held in more restrictive conditions in light of his prior crimes. Claims challenging only the conditions of confinement, do not state a claim for relief cognizable under 28 U.S.C. § 2241. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). They must be raised in a civil rights action.

Petitioner's second and fourth claims concern his pending criminal case. Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the Petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir. 1981). *See Phillips v. Hamilton Cnty. Ct. of Common Pleas,* 668 F.3d 804, 809 (6th Cir. 2012). As a rule, federal courts should abstain from the exercise of habeas jurisdiction if the issues raised in the Petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner. *Atkins,* 644 F.2d at 546. The issues raised by Petitioner in his second and fourth grounds can be addressed by the state court at or before trial. There is no indication that Petitioner exhausted of his state court remedies. This Court must abstain from addressing these issues.

## IV. CONCLUSION

Accordingly, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

_____  3/22/2021
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**